**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AMGUARD INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    Case No. |
| PANAM LOGISTICS, LLC, and CAPITAL EXPRESS, LLC | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

---

### COMPLAINT FOR RESCISSION AND/OR DECLARATORY JUDGMENT

NOW COMES Plaintiff, AmGuard Insurance Company ("AmGuard"), by its attorneys, Michael J. Duffy, Michael J. O'Malley, and Alan M. Posner of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Complaint for Rescission and/or Declaratory Judgment against Defendants Panam Logistics, LLC ("Panam") and Capital Express, LLC ("Capital"), states as follows:

### STATEMENT OF THE CASE

1.    This action seeks the rescission *ab initio* of an insurance policy issued to Panam by AmGuard bearing policy number K2GP213930 with an effective date of April 19, 2021 to April 19, 2022 (the "Policy") based on Panam's material misrepresentations and/or omissions concerning its long distance auto transportation operations, in applying for insurance with AmGuard. A copy of the Policy is attached as "**Exhibit A**."

2.    Alternatively, this action seeks a declaration, pursuant to 28 U.S.C. § 2201, that AmGuard owes no insurance coverage to Panam under the Policy with respect to the lawsuit styled *Capital Express, LLC v. ACD Logistics, LLC and Panam Logistics, LLC*, Case No. 2021 L 011040

(Cir. Ct. Cook County. November 12, 2021) (the "Underlying Lawsuit"), and a default judgment entered against Panam in the Underlying Lawsuit in the amount of $97,597.74 (the "Default Judgment").

3.  The Underlying Lawsuit arises from a May 16, 2021 motor vehicle accident wherein a Panam truck, operated by Panam employee Viorel Donici, struck a bridge while hauling vehicles owned by Capital. Capital alleged that Panam and ACD Logistics, LLC ("ACD") breached their duties to safely transport Capital's vehicles from Minnesota to Georgia, causing damage to the vehicles. A copy of the Complaint filed in the Underlying Lawsuit is attached as "**Exhibit B**." A copy of the Default Judgment entered in the Underlying Lawsuit is attached as "**Exhibit C**."

## PARTIES

4.  AmGuard is an insurance company formed under the laws of Pennsylvania with its principal place of business in Pennsylvania. AmGuard conducts business in Illinois and within the geographic boundaries of this District.

5.  On information and belief, Defendant Panam is a limited liability company whose members are citizens of the State of Illinois, and in any case, not citizens of the Commonwealth of Pennsylvania or the State of Georgia, with its principal place of business at 89 Dover Drive, Apartment B, Des Plaines, Illinois 60018.

6.  On information and belief, Defendant Capital is a limited liability company whose members are citizens of the State of Georgia, and in any case, not citizens of the Commonwealth of Pennsylvania or the State of Illinois, with its principal place of business at 3530 Ridgefair Drive, Cumming, Georgia, 30040. Capital is the plaintiff in the Underlying Lawsuit. AmGuard seeks no

relief from Capital, which has been joined herein as a Defendant solely in order to be bound by the judgment rendered in this cause.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00 exclusive of costs and interest and the parties are citizens of different states.

8.     Venue is proper in this District pursuant to 28 U.S.C. §1391 as the case concerns insurance for a suit which existed within the geographical boundaries of this District under a policy issued within the geographical boundaries of this District, Panam's principal place of business is within the geographical boundaries of this District, and the parties conduct business in this District.

## FACTS

**A.     THE APPLICATION AND PANAM'S MISREPRESENTATIONS AND/OR OMISSIONS**

9.     KBK Insurance Group ("KBK") assists in underwriting commercial towing risks for AmGuard.  On or about April 19, 2021, Panam's insurance agent, Safeway Finest Insurance Agency, Inc. ("Safeway"), submitted Panam's signed "Towing Insurance Application" (the "Application") and a Driver List to KBK.  Copies of the Application and Driver List are attached as "**Exhibit D**" and "**Exhibit E**."  The Driver List did not identify Viorel Donici as a Panam driver.

10.     In the Application's Operation" section, Panam identified its "Operation" as "Towing," with one employee.  Panam did not fill in the "Operation" rows for "Trucking" or "Other."  Panam did not disclose that it was engaged in long distance auto transport and shipping.

11.     Question 5 of the Application asked "Is the Applicant involved in anything other than towing?" to which Panam answered "No."

12.     Question 18.a. of the Application asked "Does the Applicant pick up or deliver customer's cars other than Towing?" to which Panam answered "No."

3

13.     In reasonable reliance upon the information provided by Panam, and in the belief the information was true and complete, AmGuard issued the Policy.

14.     Contrary to the representations in the Application, Panam was engaged in operations other than towing.  Specifically, Panam was engaged in long distance auto transport and shipping as evidenced by the May 16, 2021 accident, which is the basis for the Underlying Lawsuit.

15.     In the Application, Panam misrepresented that its operations were solely limited to towing.

16.     Panam omitted information concerning its long distance auto transport and shipping operations in connection with the Application.

17.     Panam's omissions and misrepresentations in the Application were material to the issuance of the Policy.

**B.     THE POLICY**

18.     Relying upon the Panam's representations in the Application, AmGuard issued, the Policy, BizGUARD Plus Policy Number K2GP213930 to Panam for the policy period of April 19, 2021 to April 19, 2022.  The Policy's Declarations page lists the "Business Description" of Panam as "Towing."

19.     The Policy consists of several coverages, including Covered Autos Liability Coverage, which provides a $750,000 limit for each "accident" resulting from the use of a covered "auto;" Bodily Injury and Property Liability Coverage, which provides a $750,000 each "occurrence" limit for "bodily injury" and "property damage"; and On Hook Physical Damage Legal Liability Coverage, which provides a $10,000 limit excess of a $5,000 deductible for any

282833972v.2

one "described vehicle" in connection with loss to "Covered Property" as a result of being transported by a "described vehicle."

20. The insuring agreement for the Policy's Covered Autos Liability Coverage provides, in part, as follows:

### SECTION II – COVERED AUTOS LIABILITY COVERAGE

**A.** **Coverage**

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

> We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

> We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply.

> We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

*See* Exhibit A, p. 39.

21. The Policy's Covered Autos Liability Coverage defines "property damage" as "damage to or loss of tangible property." *See* Exhibit A, p. 49.

5

22.     Pursuant to endorsement, the Policy lists a 2019 Dodge truck with Vehicle Identification Number 3C7WRTCL8KG705265 (the "Pickup Truck") as a covered "auto" under the Policy's Covered Autos Liability Coverage and a "described vehicle" under the Policy's On Hook Physical Damage Legal Liability Coverage.  *See* Exhibit A, pp. 113-17.

23.     The Policy's Covered Autos Liability Coverage is subject to a "Duties In The Event Of Accident, Claim, Suit or Loss" condition, which provides, in part, as follows:

*       *       *

**2.      Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.**      In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

**(1)**      How, when and where the "accident" or "loss" occurred;

**(2)**      The "insured's" name and address; and

**(3)**      To the extent possible, the names and addresses of any injured persons and witnesses.

**b.**      Additionally, you and any other involved "insured" must:

**(1)**      Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

**(2)**      Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

**(3)**      Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

6

See Exhibit A, p. 45.

24.     The Policy's Covered Autos Liability Coverage is subject to a "Care, Custody Or Control" exclusion, which provides as follows:

> This insurance does not apply to any of the following:
>
> *      *      *
>
> **6.      Care, Custody Or Control**
>
> > "Property damage" to or "covered pollution cost or expense" involving property owned or transported by the "insured" or in the "insured's" care, custody or control. But this exclusion does not apply to liability assumed under a sidetrack agreement.

*See* Exhibit A, p. 41.

25.     The insuring agreement for the Policy's Bodily Injury and Property Damage Liability Coverage provides, in part, as follows:

> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.      Insuring Agreement**
>
> > **a.**      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
> >
> > > **(1)**      The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; …

*See* Exhibit A, p. 67.

26. The Policy's Bodily Injury and Property Damage Liability Coverage defines "property damage," in part, as "[p]hysical injury to tangible property, including all resulting loss of use of that property." *See* Exhibit A, p. 81.

27. The Policy's Bodily Injury and Property Damage Liability Coverage is subject to a "Duties In The Event Of Occurrence, Offense, Claim or Suit" condition, which provides, in part, as follows:

\*     \*     \*

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;

8

   **(2)**  The names and addresses of any injured persons and witnesses; and

   **(3)**  The nature and location of any injury or damage arising out of the "occurrence" or offense.

  **b.**  If a claim is made or "suit" is brought against any insured, you must:

   **(1)**  Immediately record the specifics of the claim or "suit" and the date received; and

   **(2)**  Notify us as soon as practicable. You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

  **c.**  You and any other involved insured must:

   **(1)**  Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

   **(2)**  Authorize us to obtain records and other information;

   **(3)**  Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

   **(4)**  Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

  **d.**  No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

See Exhibit A, p. 77.

28.  The Policy's Bodily Injury and Property Damage Liability Coverage is subject to a "Aircraft, Auto Or Watercraft" exclusion, which provides, in part, as follows:

This insurance does not apply to any of the following:

*       *       *

**g.**      **Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

*See* Exhibit A, p. 70.

The Policy's defines "auto," in part, as a "and motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment[.]" *See* Exhibit A, p. 79.

29.      The insuring agreement for the Policy's On Hook Physical Damage Legal Liability Coverage provides, in part, as follows:

**B.**      **COVERAGE**

1.      We cover your legal liability for loss from a Covered Peril to Covered Property:

a.      while under your care, custody, or control; and

b.      that you become legally obligated to pay as a result of transporting a vehicle and/or cargo by or on a described vehicle or a substitute vehicle. Covered Property is covered only while it is being loaded for shipment and in transit or on a described vehicle or substitute vehicle; or

c.      that you become legally obligated to pay as a common or contract carrier regardless of whether or not under a bill of lading, contract of carriage, or shipping receipt that is issued by you or that is issued on your behalf.

*See* Exhibit A, p. 104.

30.      The On Hook Physical Damage Legal Liability Coverage defines "described vehicle" as "any a tow truck or commercial vehicle shown in the 'schedule of coverages' and used

10

for towing or pulling a vehicle or trailer and its contents." Pursuant to endorsement, the Pickup Truck was added to the Policy's Schedule of Vehicles, and is covered for $10,000 in "on hook limits," subject to a $5,000 deductible. *See* Exhibit A, pp. 104, 113-117.

31. The On Hook Physical Damage Legal Liability Coverage defines "Covered Property," in part, as follows:

### B. COVERED PROPERTY

Covered Property means the following, but only to the limits stated in the schedule of coverages:

**1. Property in Terminals –**

Property of others while in your care, custody or control:

a. in due course of transit; and

b. while being transferred;

However, property being transferred is covered only during:

a. loading and unloading; and

b. any temporary storage associated with the transfer.

**2. Property in Vehicles –**

Property of others while in your care, custody or control:

a. in due course of transit, on hook, under tow, or being transported on or by a described vehicle or a substitute vehicle;

b. during loading or unloading; but we only cover loading and unloading if the property of others is loaded from or unloaded onto a sidewalk, street, loading dock, or similar area that is adjacent to a vehicle.

*See* Exhibit A, pp. 104-05.

32.     The On Hook Physical Damage Legal Liability Coverage defines "transporting or

transported" as follows:

*          *          *

17.     "Transporting or transported" means the movement of a vehicle
        and/or cargo from one location to another "on hook" or "under tow"
        or by means of carrying the vehicle or cargo in such a way that no
        part of it is in contact with the ground.

*See* Exhibit A, p. 104.

33.     The On Hook Physical Damage Legal Liability Coverage's "How Much We Pay"

provision provides, in part, as follows:

**K.     HOW MUCH WE PAY**

1.     **Insurable Interest.** We do not cover more than your
       insurable interest in any property.

2.     **Deductible.** We pay only that part of your loss over
       the deductible amount indicated on the schedule of
       coverages in any one occurrence.

       We may pay all or a portion of the deductible amount
       to settle a loss or suit. If we do pay all or a portion of
       the deductible amount, you must promptly reimburse
       us for the amount that we paid.

3.     **Loss Settlement Terms.** Subject to paragraphs 1.,
       2., 4., and 5. under How Much

We Pay:

a.     **We Pay the Lesser Of.** We pay the lesser of:

       1.     the amount determined under
              Valuation;

       2.     the cost to repair, replace, or rebuild
              the property with material of like kind
              and quality to the extent practicable;
              or

12

3.      the limit for vehicle or terminal location indicated on the schedule of coverages.

*See* Exhibit A, pp. 109-10.

34.     Paragraph 3., "Property of Others" of the On Hook Physical Damage Legal Liability Coverage's "Loss Payment" provision provides as follows:

**L.      LOSS PAYMENT**

\*        \*        \*

**3.      Property of Others.**

a.      **Adjustment and Payment of Loss to Property of Others.**

Losses to property of others may be adjusted with and paid to:

1.      you on behalf of the owner; or

2.      the owner.

b.      **We do not have to Pay you if we Pay the Owner.** If we pay the owner, we do not have to pay you. We may also choose to defend any suits arising from the owners at our expense.

*See* Exhibit A, p. 110.

**C.      THE MAY 16, 2021 ACCIDENT**

35.     On July 14, 2021, a representative for Progressive, the insurer for ACD, reported, via telephone call, a May 16, 2021 accident to AmGuard in connection with the Pickup Truck. Specifically, AmGuard was informed that on May 16, 2021, Viorel Donici was driving the Pickup Truck and pulling two 2019 Mercedes Benz Sprinter vans (the "Vans") owned by Capital when Donici struck a bridge in Bloomington, Minnesota, resulting in damage to the Vans.

13

282833972v.2

D. **THE UNDERLYING LAWSUIT AND THE DEFAULT JUDGMENT**

36.     On November 12, 2021, Capital commenced the Underlying Lawsuit against Panam and ACD.  In the Underlying Lawsuit, Capital alleged that on or around May 16, 2021, Viorel Donici, an employee and/or agent of Panam, placed the Vans on a flatbed trailer that was being pulled by the Pickup Truck, and Donici negligently drove the Pickup Truck and flatbed trailer under a railroad bridge with less than 13 feet six inches of clearance, which resulted in damage to one of the Vans.  Capital asserted a cause of action against Panam for negligence and sought $91,959.04 for damage to the Vans, plus costs, and attorneys' fees.  *See* Exhibit B, pp. 3-4, 8-10.

37.     In or around December 2021, Panam was served with the complaint in the Underlying Lawsuit.

38.     On April 15, 2022, the court in the Underlying Lawsuit entered the Default Judgment against Panam in the amount of $97,597.74, comprised of $91,959.04 in principal damages, $5,082.50 in attorneys' fees, and $556.20 in costs.

39.     By e-mail dated September 7, 2022, Safeway provided North American Risk Services ("NARS"), AmGuard's claims administrator, with a copy of the complaint filed in the Underlying Lawsuit, and a copy of the Default Judgment.  Prior to September 7, 2022, AmGuard had not received copies of the complaint or the Default Judgment.  A copy of the September 7, 2022 email with attachments is attached as "**Exhibit F**."

40.     By letter dated September 15, 2022, NARS, on behalf of AmGuard, advised Panam that AmGuard would defend Panam in the Underlying Lawsuit, subject to a reservation of rights, including with respect to whether Panam's Application for insurance contained misrepresentations, and the right to deny coverage to the extent that Panam did not comply with

the Policy's notice and reporting conditions. A copy of NARS' September 15, 2022 letter is attached as "**Exhibit G**."

41.     On May 17, 2023, the court in the Underlying Lawsuit denied Panam's motion to vacate the Default Judgment.

42.     An actual and justiciable controversy exists between AmGuard and Panam as to the rescission of the Policy and/or availability of insurance coverage under the Policy for Panam with respect to the Underlying Lawsuit and Default Judgment, and, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

## COUNT I
## RESCISSION OF THE POLICY

43.     AmGuard incorporates and restates the allegations of Paragraphs 1 through 42 above as if fully set forth herein.

44.     Panam made material misrepresentations that its operations were solely limited to towing and made omissions concerning its long distance auto transport and shipping operations to induce AmGuard to issue the Policy.

45.     In underwriting and issuing the Policy, AmGuard reasonably relied to its detriment on the belief that Panam had truthfully and fully disclosed all pertinent information relating to Panam's operations.

46.     Panam's non-disclosure and misrepresentations materially affected the risk assumed by AmGuard in underwriting and issuing the Policy to Panam.

47.     Had AmGuard known the true facts concerning the nature of Panam's long distance auto transport and shipping operations, AmGuard would not have issued the Policy as written.

48.     Panam's insurance coverage is therefore void *ab initio* based on the material misrepresentations and/or omissions associated with Panam applying for coverage.

49.     AmGuard is excused from performing any obligations under the Policy, which is void *ab initio*, based on the material misrepresentations and/or omissions made by Panam in applying for coverage.

50.     Upon an order rescinding the Policy, AmGuard will return all premiums Panam paid for the Policy.

A.     WHEREFORE, Plaintiff, AmGuard, requests that this Court enter a judgment rescinding the BizGUARD Plus Policy issued by AmGuard to Panam bearing policy number K2GP213930 with an effective date of April 19, 2021 to April 19, 2022, declaring that it is void *ab initio*, releasing AmGuard from any liability on claims brought with regard to same, and any and all other relief this Court deems just and equitable, including, but not limited to, an award of costs.

## COUNT II
## NO COVERED AUTOS LIABILITY COVERAGE –
## CARE, CUSTODY OR CONTROL EXCLUSION

51.     AmGuard incorporates and restates the allegations of Paragraphs 1 through 42 above as if fully set forth herein.

52.     The Covered Autos Liability Coverage's "Care, Custody Or Control" exclusion provides, in part, that the insurance does not apply to "property damage" involving property in the "insured's" care, custody or control.

53.     The Vans physically damaged in the Underlying Lawsuit were in Panam's care, custody or control at the time they were damaged.

54.     Because the Underlying Lawsuit solely alleges "property damage" to property in Panam's care, custody, or control, the "Care, Custody Or Control" exclusion applies and AmGuard

16

owes no duty to defend or indemnify Panam under the Policy's Covered Autos Liability Coverage in connection with the Underlying Lawsuit and Default Judgment.

WHEREFORE, Plaintiff, AmGuard, prays this Court enter the following relief:

A.       A declaration finding AmGuard owes no duty to defend or indemnify Panam under the Policy's Covered Autos Liability Coverage in connection with the Underlying Lawsuit and Default Judgment; and

B.       For all such just and equitable relief, including costs of this suit.

**COUNT III**
**NO COVERED AUTOS LIABILITY COVERAGE –**
**BREACH OF THE NOTICE CONDITION**

55.       AmGuard incorporates and restates the allegations of Paragraphs 1 through 42 above as if fully set forth herein.

56.       The Policy's Covered Autos Liability Coverage requires that Panam perform certain conditions precedent in the event of an "accident", claim, "suit" or "loss."

57.       Specifically, as a condition precedent to coverage, the Covered Autos Liability Coverage's notice condition requires that Panam immediately send AmGuard copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit."

58.       Panam failed to immediately send AmGuard a copy of the complaint and Default Judgment, in breach of the Covered Autos Liability Coverage's notice condition.

59.       Consequently, because Panam breached a condition precedent to coverage under the Policy's Covered Autos Liability Coverage, AmGuard does not have a duty to defend or indemnify Panam under the Covered Autos Liability Coverage in connection with the Underlying Lawsuit and Default Judgment.

WHEREFORE, Plaintiff, AmGuard, prays this Court enter the following relief:

282833972v.2

A.     A declaration finding AmGuard owes no duty to defend or indemnify Panam under the Policy's Covered Autos Liability Coverage in connection with the Underlying Lawsuit and Default Judgment; and

B.     For all such just and equitable relief, including costs of this suit.

<u>COUNT IV</u>
<u>NO BODILY INJURY AND PROPERTY DAMAGE LIABILITY COVERAGE –
AIRCRAFT, AUTO OR WATERCRAFT EXCLUSION</u>

60.     AmGuard incorporates and restates the allegations of Paragraphs 1 through 42 above as if fully set forth herein.

61.     The Bodily Injury and Property Damage Liability Coverage's "Aircraft, Auto Or Watercraft" exclusion provides, in part, that the insurance does not apply to "'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured."

62.     In the Underlying Lawsuit, Capital the Vans were allegedly physically damaged as a result of a Panam employee attempting to drive the Pickup Truck under a low bridge while transporting the Vans on a flatbed trailer.

63.     Because the Underlying Lawsuit solely alleges "property damage" arising out of the use of an "auto" operated by Panam, the "Aircraft, Auto Or Watercraft" exclusion applies and Panam owes no duty to defend or indemnify Panam under the Policy's Bodily Injury and Property Damage Liability Coverage in connection with the Underlying Lawsuit and Default Judgment.

WHEREFORE, Plaintiff, AmGuard, prays this Court enter the following relief:

A.     A declaration finding AmGuard owes no duty to defend or indemnify Panam under the Policy's Bodily Injury and Property Damage Liability Coverage in connection with the Underlying Lawsuit and Default Judgment; and

B.     For all such just and equitable relief, including costs of this suit.

282833972v.2

**COUNT V**
**NO BODILY INJURY AND PROPERTY DAMAGE LIABILITY COVERAGE –**
**BREACH OF THE NOTICE CONDITION**

64.     AmGuard incorporates and restates the allegations of Paragraphs 1 through 42 above as if fully set forth herein.

65.     The Policy's Bodily Injury and Property Damage Liability Coverage requires that Panam perform certain conditions precedent in the event of an "occurrence," offense, claim or "suit."

66.     Specifically, as a condition precedent to coverage, the Bodily Injury and Property Damage Liability Coverage's notice condition requires that immediately send AmGuard copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit."

67.     Panam failed to immediately send AmGuard a copy of the complaint and Default Judgment, in breach of the Bodily Injury and Property Damage Liability Coverage's notice condition.

68.     Consequently, because Panam breached a condition precedent to coverage under the Policy's Bodily Injury and Property Damage Liability Coverage, AmGuard does not have a duty to defend or indemnify Panam under the Bodily Injury and Property Damage Liability Coverage in connection with the Underlying Lawsuit and Default Judgment.

WHEREFORE, Plaintiff, AmGuard, prays this Court enter the following relief:

A.     A declaration finding AmGuard owes no duty to defend or indemnify Panam under the Policy's Bodily Injury and Property Damage Liability Coverage in connection with the Underlying Lawsuit and Default Judgment; and

B.     For all such just and equitable relief, including costs of this suit.

## <u>COUNT VI</u>
## <u>LIMITED ON HOOK PHYSICAL DAMAGE LEGAL LIABILITY COVERAGE</u>

69.     AmGuard incorporates and restates the allegations of Paragraphs 1 through 42 above as if fully set forth herein.

70.     If the Policy is not rescinded and declared void *ab initio*, coverage for the damages sought against Panam in the Underlying Lawsuit and awarded against Panam in the Default Judgment is limited to the On Hook Physical Damage Legal Liability Coverage's $10,000 per "described vehicle" limit for the Pickup Truck, subject to a $5,000 deductible.

WHEREFORE, Plaintiff, AmGuard, prays this Court enter the following relief:

A.     A declaration finding that to the extent the Policy is not rescinded and declared void *ab initio*, coverage for the damages sought against Panam in the Underlying Lawsuit and awarded against Panam in the Default Judgment is limited to the On Hook Physical Damage Legal Liability Coverage's $10,000 per "described vehicle" limit for the Pickup Truck, subject to a $5,000 deductible.

B.     For all such just and equitable relief, including costs of this suit.

Respectfully Submitted,


By: /s/ Michael J. Duffy
        Attorneys for AmGuard Insurance Company


Michael J. Duffy - 6196669 - (michael.duffy@wilsonelser.com)
Michael J. O'Malley – 6308059 - (michael.omalley@wilsonelser.com)
Alan M. Posner - 2237695 - (alan.posner@wilsonelser.com)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 W. Monroe Street, Suite 3800
Chicago, Illinois 60603
312.704.0550 (Main)

282833972v.2

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2023, I electronically filed the foregoing document(s) with the Clerk of the U.S. District Court for the Northern District of Illinois using the CM/ECF system which will send notification of such filing to all parties of record in this case by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Michael J. Duffy
Attorneys for AmGuard Insurance Company

Michael J. Duffy - 6196669 - (michael.duffy@wilsonelser.com)
Michael J. O'Malley – 6308059 - (michael.omalley@wilsonelser.com)
Alan M. Posner - 2237695 - (alan.posner@wilsonelser.com)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 W. Monroe Street, Suite 3800
Chicago, Illinois 60603
312.704.0550 (Main)

21

282833972v.2